IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:22-CV-00624-MMH-LLL

CHRISTIAN MONACO,

    Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY,

    Defendant.

_____/

## PLAINTIFF'S AMENDED MOTION TO WITHDRAW PROPOSAL FOR SETTLEMENT

**COMES NOW**, the Plaintiff, **CHRISTIAN MONACO**, and moves this Honorable Court for an Order authorizing the withdrawal of the proposal for settlement served on August 25, 2022 and striking the acceptance of the proposal for settlement. To support this motion, Plaintiff would show:

1. On August 25, 2022, a clerical mistake was made which resulted in attorney for Plaintiff, **CHRISTIAN MONACO**, serving a Proposal for Settlement on Defendant, **USAA CASUALTY INSURANCE COMPANY**, which erroneously state the amount of the proposal as $100,000.00 and not the stacked UM policy limits of $300,000.00 ($100,000.00 per person stacked on three

vehicles) (See Exhibit "A").

2. Immediately upon discovering the mistake, Plaintiff's counsel immediately reached out to Defendant's counsel both via phone as we as e-mail to inform them of the error and that Plaintiff would withdraw the proposal for settlement. (See Exhibit "B").

3. The Plaintiff, **CHRISTIAN MONACO**, has never authorized or consented to settle his claim for any amount less than the UM policy limits. The Defendant, **USAA CASUALTY INSURANCE COMPANY**, was aware of same by the pre-suit demand for policy limits and the CRN which was also served on the Defendant seeking the policy limits. Both the demand letter and the CRN were filed in the case when Defendant's removed this case to Federal Court.

4. Defendant, **USAA CASUALTY INSURANCE COMPANY**, subsequently filed an Acceptance of Proposal for Settlement after receiving Plaintiff's counsel's e-mail. (See Exhibit "C").

5. Plaintiff, **CHRISTIAN MONACO**, has not given undersigned counsel authorization to settle the claim below the policy limits. (See Exhibit "D" Affidavit of Plaintiff).

6. This case is on all fours with the case of Dale v. Schaub, 301 So.3d 1000 (Fla. 4th DCA 2020). In Dale the attorney filed suite for a motor vehicle

collision and sue both Schaub the other party involved in the crash and the uninsured/underinsured motorist (UM) carrier. Schaub carried bodily injury liability insurance limits of $100,000.00 and Dale had UM limits of $10,000.00. Dale's attorney directed his paralegal to serve policy limits proposals for settlement to each insurance company. However, a clerical mistake occurred and the proposal for settlement to Schaub was set for $10,000.00 and not the policy limit of $100,000.00. Schaub filed a notice of acceptance and issued a check for $10,000.00. Dale's attorney realized the mistake when he received the check. Dale's attorney then filed a motion to withdraw the proposal. Despite the obvious error, the trial court denied the motion and later denied a motion for reconsideration based upon the fact that the attorney did not have authority from the client to settle the claim for $10,000.00.

7.  The Dale Court reversed first due to a unilateral mistake and second because there was no authority to settle the claim for the mistaken amount set forth in the proposal for settlement. "In Florida, "a contract [can] be set aside on the basis of a *unilateral mistake* unless (a) the mistake is the result of an inexcusable lack of due care or (b) the other party has so changed it's position in reliance on the contract that recission would be unconscionable." Dale at 1002 citing BMW of N. Am., Inc. v. Krathen, 471 So.2d 585, 588 (Fla 4th DCA 1985) (citing Maryland Cas. Co. v. Kransnek, 174 So.2d 541 (Fla. 1965).

The Dale court held that the negligence in sending a PFS for only $10,000.00 was the result of a miscommunication between the paralegal and attorney, not inexcusable negligence as a result the court erred in denying the motion to withdraw the PFS based on a mistake. Id. At 1003.

    8.    The <u>Dale</u> Court summed up the facts and law neatly in their holding:

For the foregoing reasons, we reverse the directions to strike the acceptance of the offer of settlement and to grant the motion to withdraw the offer. We do not remand for further proceedings on these motions, as requested by Schaub. The record is clear that this PFS was never authorized by Plaintiff and that if the result of a simple mistake such that further proceedings on this issue would be a waste of time and pursued in bad faith.

    9.    Just as in the Dale case, Plaintiff's clerical mistake was not the product of an inexcusable lack of due care and recission based on unilateral mistake is thus permissible.

    10.    Pursuant to Local Rule 3.01 (g), Plaintiff's counsel has conferred with defendant's counsel, defense counsel does not agree, and defense counsel was notified both via telephone and e-mail contact.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the forgoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF, on this 18th day of November, 2022.

                        **MORGAN & MORGAN**

*/s/ Steven E. Earle*

**Steven E. Earle, Esquire**
**Florida Bar No.: 300550**
**2601 N. Ponce De Leon Blvd.**
**Saint Augustine, FL 32084**
**Primary email: SEarle@forthepeople.com**
**Secondary:**
**cmccutcheon@forthepeople.com;**
**crichbourg@forthepeople.com**
**Telephone: (904) 398-2722**
*Attorneys for Plaintiff*



EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:22-CV-00624-MMH-LLL

CHRISTIAN MONACO,

   Plaintiff,

v.

USAA CASUALTY INSURANCE
COMPANY,

   Defendant.

_____/

## PROPOSAL FOR SETTLEMENT

   Plaintiff, CHRISTIAN MONACO, by and through the undersigned counsel offers to settle the claim or claims identified below against Defendant, USAA CASUALTY INSURANCE COMPANY, with reference to the above-styled case. Plaintiff's proposal for settlement is as follows:

   1. This proposal is made pursuant to Rule 1.442 of the Florida Rules of Civil Procedure and section 768.79 of the Florida Statutes.

   2. This Proposal for Settlement is made by: Plaintiff, CHRISTIAN MONACO.

   3. This Proposal for Settlement is made to the following party: Defendant, USAA CASUALTY INSURANCE COMPANY.

   4. This Proposal for Settlement resolves all damages that would otherwise be awarded in a final judgment in the above-styled action, subject to Rule 1.442(c)(2)(F) of the Florida Rules of Civil Procedure.

   5. Plaintiff states that if Defendant, USAA CASUALTY INSURANCE COMPANY, accepts this Proposal for Settlement, Plaintiff, CHRISTIAN MONACO, will dismiss

Defendant, **USAA CASUALTY INSURANCE COMPANY**, from this case with prejudice.

6. PROPOSED SETTLEMENT AMOUNT. Plaintiff, **CHRISTIAN MONACO**, proposes to settle all damages against Defendant, **USAA CASUALTY INSURANCE COMPANY**, for a total sum of $100,000.00.

7. PROPOSED AMOUNT FOR PUNITIVE DAMAGES, IF ANY. Plaintiff states that ($0) dollars have been allocated to any punitive damages claim Plaintiff, **CHRISTIAN MONACO**, has or may have against Defendant, **USAA CASUALTY INSURANCE COMPANY**. Acceptance of this Proposal for Settlement will settle any punitive damages in this action that Plaintiff, **CHRISTIAN MONACO**, might otherwise be awarded against Defendant, **USAA CASUALTY INSURANCE COMPANY**, in the final judgment in this action.

8. ATTORNEYS' FEE CLAIM: Plaintiff, **CHRISTIAN MONACO**, states that attorneys' fees are not included in this Proposal for Settlement. Attorneys' fees are not a part of Plaintiff, **CHRISTIAN MONACO**'s legal claim against Defendant, **USAA CASUALTY INSURANCE COMPANY**.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that except as disclosed above, I am unaware of any actual or potential conflict of interest involving the district judge and magistrate judge assigned to the case, and will immediately notify the Court in writing on learning of any such conflict.

Respectfully submitted this 25th day of August, 2022.

MORGAN & MORGAN

STEVEN E. EARLE, ESQUIRE
Florida Bar No.: 300550
2601 North Ponce de Leon Blvd.
St. Augustine, FL 32084
Primary email: Searle@forthepeople.com
Secondary: CMcCutcheon@forthepeople.com;
CRichbourg@forthepeople.com
Telephone: (904) 417-4170
Attorney for Plaintiff

**Christie Richbourg x31016**

**EXHIBIT B**

| | |
|---|---|
| **From:** | Steve Earle x6170 |
| **Sent:** | Tuesday, September 6, 2022 5:15 PM |
| **To:** | Victoria E. Armstrong; Callan McCutcheon x6464; Christie Richbourg x31016 |
| **Cc:** | Hona Censon; Ashja T. Thompson |
| **Subject:** | RE: *EXT* Christian Monaco v. USAA GIC |

I'm sorry I just called as there was a unilateral mistake made with our PFS. It was intended to be for the UM policy limits as stated in our CRN. However, the PFS had the per person limit stated. We will be filing a withdrawal of the PFS as we did not have authority to resolve for less than limits.

I will have a corrected PFS for the UM policy limits sent tomorrow. If USAA wishes to resolve the claim for the available policy limits my client has authorized settlement of the claim for same, with the release of extracontractual claims and satisfaction of liens.

Please confirm receipt of my email. Thank you.


**Steve Earle**
Board Certified Civil Trial Attorney
My Bio

P: (904) 361-0009
F: (904) 361-4393
A: 2601 N Ponce De Leon Blvd, St. Augustine, FL 32084

**MORGAN & MORGAN**
FOR THE PEOPLE.COM

PRACTICE AREAS | LOCATIONS | ATTORNEYS | VERDICT MAGAZINE

*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

**From:** Victoria E. Armstrong [mailto:varmstrong@boydjen.com]
**Sent:** Tuesday, September 6, 2022 3:48 PM
**To:** Steve Earle x6170
**Cc:** Hona Censon; Ashja T. Thompson
**Subject:** RE: *EXT* Christian Monaco v. USAA GIC

**CAUTION: Use caution when clicking on links or opening attachments in this external email.**

Steve,

Thank you for responding. USAA CIC is accepting your client's PFS and the Notice of Acceptance will be filed today. Can you please provide payment instructions?

1

Per the local rule, we need to file a Notice of Resolution, I have attached a proposed Notice to this email for your review. Please let me know if there are any revisions or objections or if we can file it. Thanks! Victoria

# BOYD & JENERETTE P.A.
### EST. 1952
BOCA RATON | JACKSONVILLE | ORLANDO | SAVANNAH | ST. PETERSBURG

**Victoria Armstrong**
Partner
Boyd & Jenerette, P.A.
201 North Hogan St, Suite 400
Jacksonville, FL 32202

Office: (904) 353-6241
Direct: (904) 656-6984
Fax: (904) 353-2863
www.boydjen.com

From: SEarle@ForThePeople.com <SEarle@ForThePeople.com>
Sent: Tuesday, September 6, 2022 1:43 PM
To: Victoria E. Armstrong <varmstrong@boydjen.com>
Subject: Re: *EXT* Christian Monaco v. USAA GIC

Yes. If accepted we would settle all claims, including extra contractual claims. We would handle liens.

Thank you and I hope you enjoyed the weekend as well.

**Steve Earle**
Board Certified Civil Trial Attorney
My Bio

P: (904) 361-0009
F: (904) 361-4393
A: 2601 N Ponce De Leon Blvd, St. Augustine, FL 32084

# MORGAN & MORGAN
FOR THE PEOPLE.COM

PRACTICE AREAS | LOCATIONS | ATTORNEYS | VERDICT MAGAZINE

*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

On Sep 6, 2022, at 1:36 PM, Victoria E. Armstrong <varmstrong@boydjen.com> wrote:

**CAUTION: Use caution when clicking on links or opening attachments in this external email.**

Steven,

Good afternoon! I hope you enjoyed your long weekend. I wanted to confirm that if my client was to accept the PFS, that all outstanding liens would be handled by your office? Also, can you

2

advise whether your client would execute a Release which would include any extra-contractual claim (the same one we did in Jordan Smith v. USAA)?

Can you please confirm? Thanks! Victoria

# BOYD & JENERETTE P.A.
EST. 1952

BOCA RATON | JACKSONVILLE | ORLANDO | SAVANNAH | ST PETERSBURG

**Victoria Armstrong**
Partner
Boyd & Jenerette, P.A.
201 North Hogan St, Suite 400
Jacksonville, FL 32202

Office: (904) 353-6241
Direct: (904) 656-6984
Fax: (904) 353-2863
www.boydjen.com

Important - Due to the recent restrictions arising as a result of COVID-19 (Coronavirus), we respectfully request that you send any documentation/correspondence electronically instead of via postal mail or fax, if you are able.

Boyd & Jenerette utilizes spam and junk email filtration applications in its email information systems. These systems may prevent or delay delivery of certain email communications. If you do not receive a timely response to an email communication, please contact the intended recipient via phone.

CONFIDENTIALITY NOTICE: The information and all attachments contained in this electronic communication are legally privileged and confidential information, subject to the attorney-client privilege and intended only for the use of the intended recipients. If the reader of this message is not an intended recipient, you are hereby notified that any review, use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately of the error by return email and please permanently remove any copies of this message from your system and do not retain any copies, whether in electronic or physical form or otherwise.

Important - Due to the recent restrictions arising as a result of COVID-19 (Coronavirus), we respectfully request that you send any documentation/correspondence electronically instead of via postal mail or fax, if you are able.

Boyd & Jenerette utilizes spam and junk email filtration applications in its email information systems. These systems may prevent or delay delivery of certain email communications. If you do not receive a timely response to an email communication, please contact the intended recipient via phone.

CONFIDENTIALITY NOTICE: The information and all attachments contained in this electronic

communication are legally privileged and confidential information, subject to the attorney-client privilege and intended only for the use of the intended recipients. If the reader of this message is not an intended recipient, you are hereby notified that any review, use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately of the error by return email and please permanently remove any copies of this message from your system and do not retain any copies, whether in electronic or physical form or otherwise.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.



**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:22-CV-00624-MMH-LLL

CHRISTIAN MONACO,

    Plaintiff,

vs.

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.

_____

## DEFENDANT UNITED SERVICES AUTOMOBILE ASSOCIATION'S NOTICE OF ACCEPTANCE OF PROPOSAL FOR SETTLEMENT

Defendant, USAA CASUALTY INSURANCE COMPANY gives notice that on this date, it accepts the Proposal for Settlement served by Plaintiff CHRISTIAN MONACO on August 25, 2022 pursuant to Florida Statute 768.79 and Rule 1.442, Florida Rules of Civil Procedure.

Respectfully submitted this 6 September 2022.

**BOYD & JENERETTE, P.A.**

*Victoria Armstrong*
_____
VICTORIA E. ARMSTRONG
Florida Bar No. 97781
KRISTEN M. VAN DER LINDE
Florida Bar No. 0964573
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 - Telephone
904-493-3739 - Facsimile
*Attorneys for USAA Casualty Insurance Company*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF, on this 6 September 2022.

*Victoria Armstrong*
_____
**ATTORNEY**

Case 3:22-cv-00624-MMH-LLL Document 29 Filed 11/18/22 Page 14 of 16 PageID 312
Case 3:22-cv-00624-MMH-LLL Document 28 Filed 11/18/22 Page 13 of 15 PageID 287
DocuSign Envelope ID: 1AE4ED38-4267-40B5-BA5A-7D8D768F9802



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:22-CV-00624-MMH-LLL

CHRISTIAN MONACO,

    Plaintiff,

v.

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.
_____/

## AFFIDAVIT OF CHRISTIAN MONACO

STATE OF FLORIDA
COUNTY OF DUVAL

BEFORE ME, the undersigned authority, on this day personally appeared Christian Monaco, who after being first duly sworn, under oath, deposes and says:

1. I am above the age of eighteen (18) and have personal knowledge of the information set forth herein.

2. I was involved in a motor vehicle collision with the uninsured/underinsured motorist Defendant, Theodore Michael Johns on February 23, 2021.

3. The vehicle was insured by USAA Casualty Insurance Company on or about February 23, 2021, when the subject collision took place.

4. I retained Morgan & Morgan, P.A. to assist me with a claim against the Defendants arising from the February 23, 2021 incident.

Case 3:22-cv-00624-MMH-LLL Document 29 Filed 11/18/22 Page 15 of 16 PageID 313
Case 3:22-cv-00624-MMH-LLL Document 23 Filed 09/12/22 Page 14 of 15 PageID 288
DocuSign Envelope ID: 1AE4ED38-4267-40B5-BA5A-7D8D768F9802

5. On or about August 25, 2022, a clerical error was made and a Proposal for Settlement was sent to Defendant, USAA Indemnity Insurance Company in the amount of $100,000.00.

7. The only authority I ever conveyed to Mr. Steven Earle, Esquire, was to settle my claim for the $300,000.00 policy limits.

8. I never conveyed actual or apparent authority onto Mr. Steven Earle, his staff, or anyone at Morgan and Morgan, P.A. to negotiate my claim for any amount less than that amount.

9. Further, and most importantly, I never authorized anyone at Morgan and Morgan, P.A. to accept the Notice of Acceptance of Proposal for Settlement of $100,000.00 that defendants filed.

10. In fact, as soon as I learned that the $100,000.00 offer had been extended, I alerted Mr. Steven Earle that I did not wish to proceed with settlement for that amount.

11. I adamantly oppose settling my claim resulting from the February 2021 crash for $100,000.00. I have not signed any release of my claims against the Defendants.

Case 3:22-cv-00624-MMH-LLL Document 29 Filed 11/18/22 Page 16 of 16 PageID 314
Case 3:22-cv-00624-MMH-LLL Document 23 Filed 09/12/22 Page 15 of 15 PageID 289
DocuSign Envelope ID: 1AE4ED38-4267-40B5-BA5A-7D8D768F9802

FURTHER, AFFIANT SAYETH NOT.

*Christian Monaco*
_____
Christian Monaco

STATE OF FLORIDA
COUNTY OF DUVAL

The foregoing instrument was sworn to and subscribed before me by means of [✓] online notarization or [_] physical presence this 9th day of September, 2022, by Christian Monaco, who is personally known to me or has produced ___FL DL___ as identification.

CHRISTIE A. RICHBOURG
MY COMMISSION # GG 924318
EXPIRES: October 27, 2023

Notary Public

3